IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

CHRISTOPHER KAVAJECZ,           )
                                )    Civil No. 07-1190-MO
        Petitioner,             )
                                )
    v.                          )
                                )
JEAN HILL,                      )
                                )    OPINION AND ORDER
        Respondent.             )

    Christopher Kavajecz
    13148523
    777 Stanton Blvd.
    Ontario, OR 97914-8335

        Petitioner, *Pro Se*

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to challenge the legality of his state court convictions for Robbery in the First Degree and Burglary in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is dismissed because it is untimely.

## BACKGROUND

On July 10, 2001, petitioner pled guilty in the Multnomah County Circuit Court to Robbery in the First Degree and Burglary in the First Degree. Respondent's Exhibit 101. He took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion. Respondent's Exhibit 104. Petitioner did not petition the Oregon Supreme Court for review, and his direct appeal became final on May 9, 2002. *Id.*

On June 14, 2002, petitioner signed a petition seeking post-conviction relief ("PCR"),[1] but later voluntarily dismissed the case leading the PCR trial court to enter judgment on October 11, 2002. Respondent's Exhibit 112.

Petitioner signed a successive PCR petition on June 6, 2005 which the PCR trial court dismissed as untimely. Respondent's Exhibits 109, 112. The Oregon Court of Appeals summarily affirmed

---

[1] Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the clerk of the court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000) (applying prison mailbox rule to state court petitions as well as federal petitions).

2 - OPINION AND ORDER

the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 117, 119. The appellate judgment issued on April 6, 2007. Respondent's Exhibit 120.

On August 7, 2007, petitioner signed and mailed his *pro se* Petition for Writ of Habeas Corpus. Respondent timely filed his Answer and Response to the Petition, arguing that this case should be dismissed because it is untimely. Petitioner's supporting memorandum was due December 24, 2007, but petitioner has not filed any such document with the court.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. Relevant to this case, the one-year period runs from the date on which petitioner's direct review became final. 28 U.S.C. 2244(d)(1)(A). The period of direct review includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he elects to do so. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). However, as petitioner did not petition the Oregon Supreme Court for review, he could not have properly filed for certiorari and therefore does not benefit from *Bowen's* holding.[2] Accordingly, AEDPA's statute of limitations began to run on May 9, 2002.

---

[2] Even if petitioner could benefit from *Bowen's* holding, it would make no difference to the court's conclusion that the Petition for Writ of Habeas Corpus is untimely.

3 - OPINION AND ORDER

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner properly filed a PCR petition on June 14, 2002 after 36 untolled days had elapsed between the conclusion of direct review and the filing of the PCR Petition. Thus, AEDPA's statute of limitations was tolled until judgment issued in that case on October 11, 2002.

Although petitioner filed a second PCR action in 2005, it was dismissed as untimely and, therefore, was not "properly filed" sufficient to toll AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Consequently, the statute of limitations continued to run unabated until petitioner filed this action in 2007, resulting in an additional 1761 days untolled days. Because a total of 1797 untolled days elapsed between the conclusion of petitioner's direct review and the filing of this action, he failed to satisfy AEDPA's one-year statute of limitations.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DISMISSED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this ___11___ day of February, 2008.

                                        /s/Michael W. Mosman
                                           Michael W. Mosman
                                       United States District Judge